UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-20898-CR-JORDAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CARLOS GERMAN BERDEAL, LILLIAM
PASTRANA BERDEAL, RODOLFO JULIO
REGO, and CARLOS SEAFOOD, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the undersigned for a Report and Recommendation on Defendant's Motion to Suppress Evidence Derived From Impermissible Photographic Identification Proceeding, Including Identification Testimony, and Request for Evidentiary Hearing. **[DE 48]**. This matter was referred to the undersigned by the Honorable Adalberto Jordan, United States District Court Judge for the Southern District of Florida, on October 29, 2008. **[DE 79]**. A hearing on this matter was held on December 8, 2008. Having considered the written and oral arguments, the evidence submitted, the applicable law, the record, and being otherwise duly advised in the premises, the undersigned hereby recommends, for the reasons set forth below, that the Motion **[DE 48]** be **GRANTED-IN-PART AND DENIED-IN-PART**.

Defendant Berdeal argues that, because the photographic identification proceeding

Case No.: 07-20898-CR-JORDAN

was impermissibly suggestive, the identification, as well as all evidence derived therefrom, must be suppressed. While the Government concedes that the showing of a single photograph to the Witness was arguably impermissibly suggestive, it argues that the unique facts of this case vitiate any "substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968).

Whether a photographic identification and the fruits therefrom must be excluded from evidence requires analysis of two elements. First, the court must determine whether the photographic display was impermissibly suggestive. If so, the court must then determine whether the display posed a "very substantial likelihood of irreparable misidentification." United States v. Sanchez, 988 F.2d 1384, 1389 (5th Cir. 1993) (quoting Simmons, 390 U.S. at 384).

In this case, the first element is met upon the Government's concession that the showing of a single photograph to the Witness is arguably impermissibly suggestive. The court must then analyze the second element by evaluating the totality of the circumstances surrounding the witness' initial observation of the subject and the witness' subsequent identification of the subject. Sanchez, 988 F.2d at 1389 (citations omitted). The touchstone is fairness and reliability. Manson v. Brathwaite, 432 U.S. 98, 113-14 (1977). Thus, it follows that an impermissibly suggestive photographic display does not necessarily render an identification invalid.

The Court must consider five factors in determining whether a suggestive identification was nevertheless reliable: (1) the witness' opportunity to view the accused

Case No.: 07-20898-CR-JORDAN

at the commission of the crime; (2) the witness' degree of attention to the subject during the commission of the crime; (3) the accuracy of the witness' description of the accused; (4) the degree of certainty exhibited by the witness during the confrontation; and (5) the amount of time which elapsed between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 199 (1972).

The facts adduced at the hearing were as follows:  Special Agent Casey Oravetz traveled to Managua, Nicaragua, in the Spring of 2007.  During this trip, at his hotel, he met with the Witness (Rafael Green), Special Agent Luis Rodriguez, and an unidentified confidential informant working on ongoing unrelated investigations.  Agent Oravetz had sustained prior contact with the Witness during a visit to the Carodi facilities in 2005.  The Witness was the former operations manager for Carodi Seafood in Nicaragua.  The purpose of the interview was to discuss the Witness' previous employment at Carodi. Agent Oravetz asked the Witness if he knew Defendant Berdeal, who resides in Miami, Florida.  The Witness indicated that Defendant Berdeal had visited the Carodi plant on at least two prior occasions and that he had heard his voice over the radio numerous times. He then gave Agent Oravetz a physical description of Defendant Berdeal.  Agent Oravetz showed the Witness a single photograph which the Witness identified as Defendant Berdeal.

Defendant argues that application of the Biggers factors to the facts of this case is difficult, because it was not typical of police photographic spreads.  The Government argues that the facts establish the Witness had independent knowledge of Defendant, thus

Case No.: 07-20898-CR-JORDAN

negating any chance of misidentification. Where a defendant is known to a witness, the chance of misidentification from a suggestive photographic display is "virtually non-existent." United States v. Burgos, 55 F.3d 933, 942 (4th Cir. 1995).

The undersigned finds that, given the Witness' prior personal knowledge of Defendant Berdeal, there is no "substantial likelihood of irreparable misidentification" associated with the suggestive photographic identification in this case. In any event, the Government has proffered in open court that it does not intend to employ the out-of-court identification of Defendant Berdeal by the Witness during these proceedings.

## RECOMMENDATION

Accordingly, consistent with the Government's proffer that it will not introduce or mention the Witness' out-of-court identification of Defendant Berdeal, the undersigned does hereby **RECOMMEND** that Defendant's Motion to Suppress Evidence Derived From Impermissible Photographic Identification Proceeding, Including Identification Testimony, and Request for Evidentiary Hearing **[DE 48]**, be **GRANTED-IN-PART AND DENIED-IN-PART**. The undersigned **RECOMMENDS** that the Motion be **GRANTED** insofar as no testimony regarding the out-of-court identification of Defendant Berdeal by the Witness should be allowed, and be **DENIED** with respect to any in-court identification of Defendant Berdeal by the Witness.

Moreover, the undersigned further **RECOMMENDS** that all reports that discuss, rather than merely reference, the photographic identification of Defendant Berdeal by the Witness in possession of Special Agent Casey Oravetz, if any, should be disclosed to

Case No.: 07-20898-CR-JORDAN

Defendants forthwith.

Pursuant to 28 U.S.C. §636(b)(1)(c), the parties may file written objections to this Report and Recommendation with the Honorable Adalberto Jordan, United States District Court, within ten (10) days of receipt.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988). **RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 5th day of January 2009.

_____
**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: All counsel of re cord
    Hon. Adalberto Jordan